[No. A030701. First Dist., Div. Five. May 6, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
SALLY ANN BLACKWELL, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*See foonote, *post,* page 927.

■■■■■■

## Counsel

Ross Thomas, under appointment by the Court of Appeal, Rowan K. Klein and Klein & Crain for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman, Ronald E. Niven and Margo J. Chinn, Deputy Attorneys General, and Jerome J. Mautner, District Attorney, for Plaintiff and Respondent.

## Opinion

HANING, J.—Sally Ann Blackwell appeals her conviction of second degree murder of her husband (Pen. Code, § 187) contending, inter alia, that concealment of relevant information by a juror during voir dire constituted prejudicial juror misconduct.* We agree, and reverse.

It is undisputed that appellant shot and killed her husband in their home. It is also undisputed that the relationship between appellant and her husband was stormy, and that both of them had been drinking on the day of the shooting. Appellant claimed to be the victim of ongoing physical abuse by her husband, and suffering from the "battered wife syndrome." She testified that he frequently drank to excess and became violent and physically assaul-

---

*Pursuant to rules 976 and 976.1, California Rules of Court, this opinion is certified for publication except for part II.

tive during such episodes. She further testified that shortly before the shooting he had beaten her and held a gun to her head and threatened to kill her. She claimed she shot him to prevent further beatings or her own death.

During jury selection the prospective panel members were questioned collectively as well as individually, and in private, concerning any experience with alcoholism and/or domestic violence. The focus of appellant's complaint is Ms. D.R., who was selected as a trial juror. In response to general and collective voir dire questions concerning alcoholism and domestic violence, Juror R. indicated that she had no prior experience or exposure to such problems within her family. During individual and private voir dire she was again asked specifically whether anyone in her family "had any difficulty or any problems with alcohol." She responded "No." When queried further, "None at all?," she again answered "No." She was then asked if she had experienced any domestic or spousal violence in her family, and again responded negatively. When asked how she and her husband resolved their differences, she said "by either one out talking the other or someone going outside and sulking." In response to a question about her husband's drinking habits, she stated that, "He drinks occasionally." Finally, when asked whether she had a "preconceived position" toward this case involving "battering or abuse," she again answered, "No."

After the guilty verdict appellant filed a motion for new trial supported by a declaration from Juror R. In that declaration Juror R. revealed that she was the victim of an abusive former husband who became physically violent when drinking. She compared her former husband to the victim in the instant case, and stated that she felt that appellant should have handled the problem as Juror R. had handled it with her former husband. She declared, "*Based upon my personal experiences, it is my opinion that* [followed by a description of juror R.'s personal views on battered wives]." (Italics ours.) She went on to declare that "[s]ince I was personally able to get out of a *similar situation* without resorting to violence, I feel that if she had wanted to, [appellant] could have gotten out, as well." In response to appellant's new trial motion, the People did not file any counterdeclarations nor contest the validity of Juror R.'s declaration. They merely argued that no prejudicial misconduct occurred.

The trial court agreed with the People and denied the motion for new trial. It did not disbelieve or question Juror R.'s declaration, but simply ruled that her lack of candor during voir dire did not constitute prejudicial misconduct.[1]

---

[1]The basis for the trial court's ruling is unclear. The record reveals that it did not have a record or transcript of the voir dire examination before it during the hearing on the motion for new trial. At one point in responding to the motion the court stated: "Without seeing a transcript of Mrs. [R.'s] voir dire, it's a little hard for me to determine whether she was even asked the appropriate questions."

I

A defendant in a criminal trial has a constitutional right to have the charges against him or her determined by a fair and impartial jury. (U.S. Const., Amends. VI, XIV; Cal. Const., art. I, § 16; *People* v. *Wheeler* (1978) 22 Cal.3d 258, 265 [148 Cal.Rptr. 890, 583 P.2d 748]; *Weathers* v. *Kaiser Foundation Hospitals* (1971) 5 Cal.3d 98, 110 [95 Cal.Rptr. 516, 485 P.2d 1132].) To this end the defendant also has the statutory right to exercise peremptory challenges to prospective jurors whom the defendant believes cannot be fair and impartial (Pen. Code, §§ 1067-1070) and, of course, to challenge for cause any juror harboring actual bias or the inability to remain fair and impartial. (See Pen. Code, §§ 1071-1076.) Prospective jurors are examined under oath and are obligated to respond truthfully to the voir dire examination, which provides the basis for either type of challenge. (*People* v. *Williams* (1981) 29 Cal.3d 392, 405 [174 Cal.Rptr. 312, 628 P.2d 869].) The prosecution, the defense and the trial court rely on the voir dire responses in making their respective decisions, and if potential jurors do not respond candidly the jury selection process is rendered meaningless. Falsehood, or deliberate concealment or nondisclosure of facts and attitudes deprives both sides of the right to select an unbiased jury and erodes the basic integrity of the jury trial process.

Intentional concealment of relevant facts or the giving of false answers by a juror during the voir dire examination constitutes misconduct (*People* v. *Castaldia* (1959) 51 Cal.2d 569, 572 [335 P.2d 104]; *People* v. *Diaz* (1984) 152 Cal.App.3d 926, 931-939 [200 Cal.Rptr. 77]), and the occurrence of such misconduct raises a rebuttable presumption of prejudice. (*People* v. *Pierce* (1979) 24 Cal.3d 199, 207 [155 Cal.Rptr. 657, 595 P.2d 91]; *People* v. *Honeycutt* (1977) 20 Cal.3d 150, 156 [141 Cal.Rptr. 698, 570 P.2d 1050].) Prejudicial jury misconduct constitutes grounds for a new trial. (Pen. Code, § 1181, subd. 3.)

If the voir dire questioning is sufficiently specific to elicit the information which is not disclosed, or as to which a false answer is later shown to have been given, the defendant has established a prima facie case of concealment or deception. (See, e.g., *Moore* v. *Preventive Medicine Medical Group, Inc.* (1986) 178 Cal.App.3d 728, 742 [223 Cal.Rptr. 859]; *People* v. *Jackson* (1985) 168 Cal.App.3d 700, 705-706 [214 Cal.Rptr. 346].) Here, Juror R. knew appellant was charged with killing her husband, and that the evidence involved an alcoholic husband and a battered wife. She was asked during voir dire if she had ever experienced domestic violence, and whether she had ever seen or experienced domestic, and specifically spousal, violence or alcoholism within her family. The line of questioning by counsel and the court was sufficiently clear to alert her to provide information about her own

prior experiences. In her declaration she does not state that she misunderstood or was confused by the questions during voir dire. Nor does she state that she failed to inform the court of her abusive first husband during voir dire because of oversight or forgetfulness. Her affidavit thus establishes misconduct. (*Weathers* v. *Kaiser Foundation Hospitals, supra,* 5 Cal.3d at pp. 102-106; *People* v. *Castaldia, supra,* 51 Cal.2d at p. 572; *People* v. *Diaz, supra,* 152 Cal.App.3d at p. 934.)

The presumption of prejudice created by the misconduct may be rebutted by " '. . . an affirmative evidentiary showing that prejudice does not exist or by a reviewing court's examination of the entire record to determine whether there is a reasonable probability of actual harm to the complaining party resulting from the misconduct.' " (*People* v. *Diaz, supra,* 152 Cal.App.3d at p. 934, citing *Hasson* v. *Ford Motor Co.* (1982) 32 Cal.3d 388, 417 [185 Cal.Rptr. 654, 650 P.2d 1171].) When a prospective juror in a criminal case fails to respond to a relevant, direct and unambiguous question during voir dire, the trial court, when hearing a motion for new trial, should " '. . . determine whether the question propounded to the juror was (1) relevant to the voir dire examination; (2) whether it was unambiguous; and (3) whether the juror had substantial knowledge of the information sought to be elicited. If the trial court's determination of these inquiries is in the affirmative, the court should then determine if prejudice to the defendant in selecting the jury reasonably could be inferred from the juror's failure to respond. If prejudice reasonably could be inferred, then a new trial should be ordered.' " (*People* v. *Diaz, supra,* at p. 935; see also *People* v. *Kelly* (1986) 185 Cal.App.3d 118, 125-126 [229 Cal.Rptr. 584].)

The People rely on *People* v. *Kelly, supra,* 185 Cal.App.3d 118 and *People* v. *Jackson, supra,* 168 Cal.App.3d 700 in support of their position that no misconduct occurred. Both cases are distinguishable. In *Kelly,* the juror accused of misconduct testified at the hearing on the motion for new trial. The trial court found that (1) the voir dire questioning was not sufficiently specific to elicit the information allegedly concealed, (2) the concealment was unintentional, and (3) the juror in question was not biased. In *Jackson,* a juror informed the court during trial of an event which he said he just remembered, and also stated that it would not affect his decision. The Court of Appeal upheld the trial court's determination that no misconduct or intentional concealment occurred, noting that the voir dire inquiry in question "was inartfully framed." (*Id.,* at p. 705.)

We conclude that the subject voir dire questions in the instant case were sufficiently specific and free from ambiguity so that the only inference or finding which can be supported is that Juror R. was aware of the information sought and deliberately concealed it by giving false answers. In fact, she

could be prosecuted for perjury. (See, e.g., *People* v. *Meza* (1987) 188 Cal.App.3d 1631 [234 Cal.Rptr. 235].) It is also apparent that Juror R. drew upon her personal experience with a similar domestic situation to determine appellant's guilt. The peremptory challenge has been characterized by the California Supreme Court as "a critical safeguard of the right to a fair trial before an impartial jury." (*People* v. *Williams, supra,* 29 Cal.3d at p. 405.) For that reason the *Williams* court determined that counsel may voir dire in areas reasonably designed to aid in the exercise of peremptory challenges. As we have noted, the subject of alcoholism and domestic violence was central to appellant's defense. In fact, if this information had been known to defense counsel, it might have led to a challenge for cause, since Juror R.'s declaration reveals that she had a particular viewpoint regarding the issue of battered wives which she failed to disclose in response to a direct voir dire inquiry. Penal Code section 1073 states: "Particular causes of challenge are of two kinds: [¶] First—For such a bias as, when the existence of the facts is ascertained, in judgment of law disqualifies the juror, and which is known in this Code as implied bias. [¶] Second—For the existence of a state of mind on the part of the juror in reference to the case, or to either of the parties, which will prevent him from acting with entire impartiality and without prejudice to the substantial rights of either party, which is known in this Code as actual bias."

The voir dire examination was clearly relevant to the issues in the case. (*People* v. *Williams, supra,* 29 Cal.3d at pp. 408-410.) Appellant's defense was that her husband's abusive conduct caused her to entertain an honest, even if unreasonable, belief in the necessity to defend herself against imminent bodily injury. (See, e.g., *People* v. *Flannel* (1979) 25 Cal.3d 668 [160 Cal.Rptr. 84, 603 P.2d 1].) Juror R.'s affidavit reveals her bias: when confronted with a situation similar to appellant's, she was able to escape an abusive husband without resort to physical violence or self-defense. She felt that if she could do so appellant should have governed herself accordingly. As a consequence, the presumption of prejudice is even stronger. (*In re Stankewitz* (1985) 40 Cal.3d 391, 402 [220 Cal.Rptr. 382, 708 P.2d 1260].) The record does not contain "an affirmative evidentiary showing that prejudice does not exist," and we can only conclude from the entire record that "there is a reasonable probability of actual harm to [appellant] resulting from the misconduct." (*Hasson* v. *Ford Motor Co., supra,* 32 Cal.3d at p. 417; *In re Stankewitz, supra,* at pp. 400-403.)

II*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

*See footnote, *ante,* page 927.

## DISPOSITION

For the reasons stated in part I of this decision, the judgment is reversed.

Low, P. J., and King, J., concurred.

A petition for a rehearing was denied May 26, 1987, and on June 2, 1987, the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied August 13, 1987.